Michael D. Kinkley
Michael D. Kinkley, P.S.
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
(509) 484-5972 FAX

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

EARNEST HEIB and CHRISTINE HEIB husband and wife,

    Plaintiffs,

vs.

ARCHES FINANCIAL, a Utah limited liability Company and PAUL LAW OFFICES

    Defendants.

Case No.: CV-08-155-FVS

FINDINGS OF FACT AND CONCLUSIONS OF LAW

## I. PROCEDURAL HISTORY

On May 14, 2008, the Complaint seeking remedies and damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; the Washington Collection Agency Act, RCW 19.16, and the Washington Consumer Protection Act, RCW 19.86 was filed. (*Complaint*, DR 1). On May 19, 2008, Defendant Arches Financial and Defendant Paul Law Offices were each served the Summons and Complaint. (*Return of Service on Arches Financial*, DR 2; *Return of Service on Paul Law Offices*, DR 3). Defendants Answer was due by June 9, 2008. FRCP

FINDINGS OF FACT
AND CONCLUSIONS OF LAW   -1-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

12(a)(1)(A). No Answer or appearance has ever been filed. On July 8, 2008, the clerk entered an order of default against both defendants Arches Financial and Paul Law Offices[1].

On September 4, 2008 Plaintiff Earnest Heib and Christine Heib, appeared in court together with their attorney, Michael D. Kinkley of Michael D. Kinkley P.S. Mr. Ernest Heib testified. The Plaintiffs also presented the Declarations of Ernest Heib, Christine Heib, and attorney Heidi Noun, as well as argument of counsel. The court has reviewed the files and records herein and now therefore enters the following:

## II. Findings of Fact

2.1 Representatives of Paul Law Offices and Arches Financial began calling Earnest and Christine Heib on June 27, 2007, threatening legal action in an attempt to collect a consumer debt from the Heibs.

2.2 Earnest Heib was born legally blind, is disabled and the only family income until the spring of 2008 was approximately $700.00 per month from his Social Security payments.

2.3 The Heibs informed Paul Law Offices and Arches that they could not pay this debt and requested orally numerous times, in writing, and through

---

[1] Following full compliance by the Plaintiffs' with the local rules requirements including additional notice to the Defendants of the intent to seek a default judgment. See DR 4.

FINDINGS OF FACT
AND CONCLUSIONS OF LAW  -2-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

two letters from Heidi Noun, an attorney to the Northwest Justice Legal service that Paul Law Office and Arches Financial stop contacting the Heibs

2.4 Despite the requests that Paul Law Offices and Arches Financial stop calling the Heibs the harassment instead escalated until this lawsuit was filed in the spring of 2008.

2.5 On July 9, 2007, Mr. Heib suffered a heart attack and was hospitalized. Mr. Heib was airlifted to Deaconess Medical Center where he underwent emergency surgery to have a stent placed in his heart.

2.6 The stress of the harassment from the defendants' was at least one of the causes of Mr. Heib's heart attack.

2.7 On July 14, 2007, Mrs. Heib answered a phone call from a representative of the defendants. He began screaming at her, demanding to speak with her husband and telling her that she was about to lose everything, including her vehicles and home. Mr. Heib took the phone and hung it up. Mrs. Heib was very upset over the incident and began losing large amounts of sleep, and feeling very weak and tired.

2.8 On July 30, 2007, Mrs. Heib suffered congestive heart failure for which she was hospitalized.

2.9   The stress of the harassment by the defendants was at least part of the cause of the exacerbation of her heart condition to the point that it required hospitalization.

2.10  Mr. Heib told Mr. Manny that he was disabled and could not pay the debt since the Heib's had very little money and that all of his income came from social security disability payments.

2.11  Representatives of the defendants continued to call the Heib's demanding payment, and threatening legal action. The phone calls from Mr. Manny were very stressful for both Mr. and Mrs. Heib. During this time, their income limited them to one meal per day, more if they were able to get food from the food bank.

2.12   The threats from Mr. Manny left them scared and worried that they would not be able to afford food and would be forced from their home.

2.13  Mr. Heib requested that defendants not call anymore.

2.14  Despite Mr. Heib's request that Defendants Paul Law Offices and Arches Financial cease and desist communication with him, the defendants continued to call.

2.15  On, July 30, 2007with stress levels elevated, While Mr. Heib was hospitalized and worried about losing his life, Mr. Manny repeatedly called the Heib's home demanding payment and threatening legal action

FINDINGS OF FACT
AND CONCLUSIONS OF LAW   -4-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

to take everything else from the Heibs if they did not pay. Mrs. Heib was terrified she would not only lose her husband, but would be left homeless as well.

2.16  On July 17, 2007, Mr. Heib again told the defendants representatives that they were not able to pay, their only money was from social security disability, would never pay and instructed Mr. Manny to stop calling and harassing them. The calls did not stop.

2.17  Mr. Heib demanded that Mr. Manny communicate with them only in writing if at all, and to stop calling. No writing was ever sent. Neither Paul Law Offices nor Arches Financial ever sent a letter.

2.18  Following the call on July 17, 2007, Mrs. Heib was very upset for days afterwards.

2.19  On July 30, 2007, Mrs. Heib She was extremely weak and unable to function. Mr. Heib took her to the hospital where she was immediately admitted with congestive heart failure. Mrs. Heib remained hospitalized until August 6, 2007. When she was released she was instructed to avoid stress, closely monitor her blood pressure (which she did, taking daily readings at 10:00 a.m., and 4:00 p.m.), and immediately call her doctor if it was high.

FINDINGS OF FACT
AND CONCLUSIONS OF LAW   -5-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

2.20 On August 16, 2007, Mrs. Heib's daughter and son-in-law were visiting Earnest and Christine Heib. Mrs. Heib's daughter answered a call from representatives of the defendants who demanded to speak with Mrs. Heib. He told Mrs. Heib that he could take her house, her car, and anything else that she owned. She told him there only money came from social security and it was barely enough to live on. Mr. Manny told her that he could take that too and she had better start making payments immediately or Paul Law Offices was going to take everything. Mrs. Heib was visibly stressed and weak, noticing this Mr. Heib took the phone from her and hung it up.

2.21 Mrs. Heib's high blood pressure reading following the call demonstrates the stress and emotional upset that the phone call had upon her. Mr. and Mrs. Heib, and their daughter were very concerned Mrs. Heib was going to have a heart attack and desperately trying to calm Mrs. Heib down. The stress from the phone call continued to cause Mr. and Mrs. Heib to lose sleep and constantly worry.

2.22 The calls did not stop; rather, they began to increase in frequency, hostility and unusual times. The defendants began making calls late at night and very early in the morning, calling at 3:30 a.m. on occasion.

FINDINGS OF FACT
AND CONCLUSIONS OF LAW   -6-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

2.23   The Heibs contacted Northwest Justice Project, a legal services clinic; they were advised to send Paul Law Offices a letter exercising their rights under the Fair Debt Collection Practices Act ("FDCPA").

2.24   On February 7, 2008, Mrs. Heib sent a letter to Paul Law Offices "exercising [her] rights under the FDCPA and demanding that they cease attempting to collect the debt. The letter had no effect and Paul Law Offices continued to steadily increase the frequency of the phone calls.

2.25   Ms. Heidi Noun, and attorney for the Northwest Justice Project, then sent a letter to Paul Law Offices on behalf of the Heib's notifying them that their conduct violated the FDCPA, that the Heib's only source of income was federal disability money benefits, and to cease communicating with the Heib's. The letter had no effect; Paul Law Offices continued making harassing phone calls.

2.26   On April 10, 2008, Ms. Noun sent a second letter to Paul Law Offices demanding that they stop calling the Heib's. In Ms. Noun's letter she states that Paul Law Offices has engaged in further debt collection practices prohibited by the FDCPA by continuing to attempt to call the Heib's to collect a debt when they know they are represented. This second letter was also ignored, and Paul Law Offices continued to call

FINDINGS OF FACT
AND CONCLUSIONS OF LAW   -7-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

the Heib's daily. Paul Law Offices continued to call the Heib's, now using the name Gillette & Paul Law Offices.

2.27 The conduct of Paul Law Offices has caused embarrassment and stress to both Mr. and Mrs. Heib and was one of the causes of each the Heibs' stress related medical conditions.

2.28 The Heibs depend upon firewood to heat their home. Because of Mr. Heib's heart attack. He was unable to cut firewood for the winter of 2007. Normally he cuts ten cords to help heat the home for the winter. In 2007, a cord of firewood was selling for on hundred and thirty dollars ($130.00). The Heib's loss is thirteen hundred dollars ($1,300.00).

2.29 The Heibs could not afford to buy additional firewood since their only income was Mr. Heib's seven hundred and three dollars ($703.00) from social security. Instead they were forced to suffer all winter with it being about forty degrees in their home. What heat they maintained was burning scrap mill that they picked up from the sawmill, which is not very efficient at heating a home.

### III. Conclusions of Law

3.1 Defendants violated 15 U.S.C. § 1692c(a)(2), by contacting the Plaintiffs when they knew or should have known they were represented by an attorney.

FINDINGS OF FACT
AND CONCLUSIONS OF LAW   -8-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

3.2 Defendants violated 15 USC § 1692c(c), by continuing to communicate with the Plaintiffs after Defendant was notified in writing to cease further communication.

3.3 Defendants violated 15 USC §1692d, by engaging in conduct the natural consequence of which is to harass, oppress and abuse the Plaintiffs in connection with the collection of an alleged debt.

3.4 Defendants 15 U.S.C. § 1692d(5), by causing Plaintiffs telephone to ring repeatedly and continuously with intent to annoy, abuse, or harass the Plaintiffs.

3.5 Defendants violated 15 U.S.C. § 1692g(a) by failing to provide a writing containing the notice required by, 15 U.S.C. 1692g(a) (FDCPA "g" Notice). No writing has ever been provided to Plaintiffs regarding the alleged debt i.e. no written communication of the FDCPA "g" Notice was made within five days of the initial communication in an attempt to collect the past due rent alleged debt from the Plaintiff.

3.6 Defendants violated 15 U.S.C. § 1692e by making false, deceptive and misleading statements which indicated that the communication was from and attorney and that an attorney was meaningfully involved in the collection of the alleged debt.

FINDINGS OF FACT
AND CONCLUSIONS OF LAW   -9-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

3.7  Defendants violated 15 U.S.C. § 1692g(b) by continuing to attempt to collect the debt after dispute and by continuing to collect the debt after a request in writing that the debt be verified, without providing such verification.

3.8  Defendants violated the Washington Collection Agency Act (WCAA), RCW19.16 et seq.

3.9  Defendant Paul Law Offices is a "collection agency" as defined by RCW 19.16.100(2). Defendant Paul Law Offices is not properly licensed as a collection agency as required by the WCAA, including RCW 19.16.110. Defendant Paul Law Offices is collecting debts without a license in violation of the WCAA, including RCW 19.16.110.

3.10  Defendant Arches is a "collection agency" as defined by RCW 19.16.100(2). Defendant Arches is not properly licensed as a collection agency as required by the WCAA, including RCW 19.16.110.Defendant Arches is collecting debts without a license in violation of the WCAA, including RCW 19.16.110.

3.11  Defendant PLO is collecting debts in violation of the prohibited practices section of the WCAA, RCW 19.16.250.

3.12  Defendant Arches is collecting debts in violation of the prohibited practices section of the WCAA, RCW 19.16.250.

FINDINGS OF FACT
AND CONCLUSIONS OF LAW   -10-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

3.13 Defendant Paul Law Offices violated the Washington Consumer Protection Act (WCPA).

3.14 Defendant Arches violated the Washington Consumer Protection Act (WCPA).

3.15 Violation of the WCAA is a per se violation of the Washington State Consumer Protection Act.  RCW 19.16.440.  Any violation of the WCAA prohibited practices section, RCW 19.16.250 or licensing sections is an unfair act or practice and/or an unfair method of competition in the conduct of trade or commerce. RCW 19.16.440.

3.16 Any violation of the Washington State Collection Agency Act (WCAA) prohibited practices section, RCW 19.16.250 or licensing sections affects the public interest in violation of the Washington State Consumer Protection Act. RCW 19.16.440.

3.17 Defendants have violated the WCCA including but not limited to: the prohibited practices section (RCW 19.16.250) and by failing to obtain and maintain a license as required by RCW 19.16.110.

3.18 Defendants have violated the Washington Administrative Code governing the actions of collection agencies.

FINDINGS OF FACT
AND CONCLUSIONS OF LAW   -11-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

3.19. The business of collection agencies, as well as all acts and practices of collection agencies, debt collectors, are subject to the Consumer Protection Act, RCW 19.86 and subsequent sections.

3.20. The Consumer Protection Act of the State of Washington requires that all collection agents, debt collectors, abstain from unfair or deceptive practices or acts and unfair methods of competition.

3.21. Defendants by and through their agents and employees, policies and procedures, have engaged in deceptive acts and practices, unfair acts and practices, and unfair methods of competition that have caused injury to the Plaintiffs.

3.22. Defendants have engaged in unfair and deceptive acts and practices in attempting to collect an alleged debt from the plaintiff.

3.23. Defendant Paul Law Offices is in the business of debt collection in trade or commerce.

3.24. Defendant Arches has is in the business of debt collection in trade or commerce.

3.25. Unlawful and Unfair Debt Collections is against public interest.

3.26. The Defendants actions were the direct cause of injury to Plaintiffs' property.

FINDINGS OF FACT
AND CONCLUSIONS OF LAW   -12-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

3.27. The violations have harmed and unless enjoined will continue to harm the public interest by causing Plaintiffs and other similarly situated to pay collection charges that are unfair deceptive, unlawful, and an unfair method of competition.

## IV. JUDGMENT ORDERED

Judgment shall be entered against Defendant Arches Financial, LLC, a Utah Limited Liability Corporation, and Defendant Paul Law Offices, a Utah Professional Limited Liability Corporation, jointly and severally, for damages, attorney fees and costs in the total amount of ONE HUNDRED FIFTY-SEVEN THOUSAND NINE-HUNDRED DOLLARS ($157,900.00) calculated as follows:

   a. $3,900.00 in actual damages of $1,300.00; trebled to $3,900.00 pursuant to the Washington State Consumer Protection Act;

   b. $75,000.00 in emotional damages to Christine Heib;

   c. $75,000.00 in emotional damages to Earnest Heib;

   d. $1,000.00 in statutory damages against defendant Paul Law Office to Christine Heib pursuant to 15 USC § 1692k(a)(2)(A);

   e. $1,000.00 in statutory damages against defendant Arches Financial to Christine Heib pursuant to 15 USC § 1692k(a)(2)(A);

   f. $1,000.00 in statutory damages against defendant Paul Law Office to Earnest Heib pursuant to 15 USC § 1692k(a)(2)(A);

FINDINGS OF FACT
AND CONCLUSIONS OF LAW   -13-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

g. $1,000.00 in statutory damages against defendant Arches Financial to Earnest Heib pursuant to 15 USC § 1692k(a)(2)(A);

h. Costs and attorney fees as allowed by federal and state law.

It is so ORDERED this ___14th___ day of October, 2008.

*Honorable Judge*

s/ Fred Van Sickle
_____
Fred Van Sickle

Presented by:

*Michael D. Kinkley P.S.*

/s Michael D. Kinkley
Michael D. Kinkley
WSBA # 11624
Attorney for Plaintiff

AND CONCLUSIONS OF LAW   -14-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611